# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STATE OF GEORGIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| KRISTOPHER HUTCHENS, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL OF CRIMINAL ACTION TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1442(a) and 1455, Defendant Kristopher Hutchens ("Defendant" herein), through counsel, Garland, Samuel & Loeb, P.C., hereby removes this action from the Superior Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division. Copies of all process, pleadings, and orders served upon United States Marshals Deputy Inspector Hutchens are attached as Exhibit 1 (Fulton County Grand Jury Indictment, Case No.: 21SC179517), pursuant to 28 U.S.C § 1455. In support of its notice, Defendant states the following:

1.

Kristopher Hutchens has been indicted and charged with the offenses of murder, violation of his oath of office, and related offenses in connection with his

1

involvement with the Southeast Regional Fugitive Task Force, a unit of the United States Marshal's Service that employs and deputizes, law enforcement officers from law enforcement agencies throughout northeast Georgia.

2.

Kristopher Hutchens has been a deputized federal United States Marshal assigned to the United States Marshals Service's Southeast Regional Fugitive Task Force (SERFTF) for several years and was so acting in the capacity as a federal law enforcement officer on August 5, 2016.[1] (Exhibit 2 – Special Deputation Appointment of Kristopher Hutchens as Deputy U.S. Marshal).  The Special Deputation Appointment expressly authorizes Kristopher Hutchens to "seek and execute arrest and search warrants supporting a federal [task force] under Title 18 Authority." The authority of the Marshals Service to supervise and administer the [Special Deputation Program] is contained in 28 USC 566(c), 561(a), 561(f), 509, 510; 28 CFR, 0.111, 0.112, and 0.113. At all prescribed times, Kristopher Hutchens was acting under the color of federal law.

3.

On August 5, 2016, the Defendant and other members of the Marshal's Task Force attempted to serve two felony arrest warrants upon Jamarion Robinson

---

[1] Kristopher Hutchens has been employed by the Clayton County Sheriff's Department.

(deceased). Jamarion Robinson was wanted pursuant to two felony warrants for Attempted Arson and Aggravated Assault on a Law Enforcement Officer. The former charges stemmed from Mr. Robinson's efforts to set his home on fire with his mother inside and the second from his actions in pointing a firearm at two uniformed City of Atlanta Police Officers. The warrants for Mr. Robinson were presented to the Marshal's Task Force by a member of the City of Atlanta Police Department. Due to the violent nature of the crimes, the Marshal's Task Force accepted the warrants and began the process of investigating and locating Mr. Robinson. Members of the Marshal's Task Force established the location of Mr. Robinson, positively identified him, confirmed his location inside the residence at 3129 Candlewood Drive, SW, East Point, GA, and, following a standard briefing, assembled the resources typically used by the Marshal's Task Force to apprehend a wanted fugitive. Said resources included, as always, marked police vehicles, raid vests and jackets identifying Marshal's Task Force Members as law enforcement officers, and a ballistic shield with the words "US MARSHALS" and "POLICE" printed in large letters on the front of the shield.

Upon arrival at the apartment, the officers identified Jamarion Robinson and proceeded to execute the standard "knock-and-announce" warrant service. The officers made several unsuccessful efforts to communicate with the suspect in an effort to convince him to exit the residence and surrender. After hearing movement

within the apartment, the officers breached the front door and provided further commands to the then suspect. Jamarion Robinson was upstairs and was noticed coming downstairs with a gun in hand, aimed at the Defendant. The Defendant proceeded to protect himself and others by firing at the then suspect in an attempt to eliminate the immediate threat of serious bodily injury or death. Robinson fired his gun at least twice towards the officers. While still refusing to surrender, after being given multiple chances to, he eventually succumbed from his wounds.

4.

The family of Mr. Robinson subsequently filed a civil lawsuit against various members of the SERTF – including Kristopher Hutchens – as well as Fulton County and Fayette County for claims of excessive force, and related civil causes of action. That case was assigned to Judge Timothy Batten: 1:18-cv-0131-TCB.

5.

On March 9, 2021, the Acting United States Attorney, Kurt Erskine, by virtue of the authority vested in him by the Assistant Attorney General, certified that the Defendants referred to in the Complaint 1:18-cv-0131-TCB, were acting within the scope of their employment as employees of the United States Government at the time of the events alleged in said Complaint. (Dkt 309-1). Kristopher Hutchens was represented by the United States Attorney's Office in that civil action, pursuant to 28 C.F.R. 50.15 (a).

6.

On March 30, 2021, the Honorable Timothy C. Batten, Sr., United States District Judge, granted the Defendant's Motion for Summary Judgment finding that Defendants were acting as federal officers, their actions comported with Georgia law, and they were entitled to qualified immunity. Judge Batten confirmed his ruling in response to a Motion for Reconsideration. (Exhibit 3 – Judge Batten's Order granting summary judgment).

7.

Judge Batten held:

In light of the direct evidence, no reasonable jury could conclude that Robinson did not have a firearm or point or fire one toward Defendants. Robinson was the subject of an active arrest warrant for pointing a firearm at two APD officers. A HiPoint .380 was recovered from the scene, and DNA evidence confirmed that Robinson's blood was on the HiPoint. Ms. Robinson does not dispute that the GBI recovered three spent .380 shell casings from the landing and stairs that were each forensically determined to have been fired from the recovered HiPoint. The investigation also uncovered two defects in the stairwell wall that indicated that bullets were fired at a downward trajectory from the stairs toward the apartment door, and two .380 bullets in the upstairs front bedroom, above the front door. Pages 30-31.

Viewing the facts in the light most favorable to Ms. Robinson and drawing all reasonable inferences in her favor, the Court finds that Robinson posed an immediate threat of harm to Defendants when he pointed or fired his firearm toward them or attempted to do so. Page 43.

"Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others," use

5

of deadly force does not violate the Constitution. *Garner*, 471 U.S. at 11 (noting that this is true even where an officer uses deadly force to prevent the suspect's escape). Page 43.

Defendants' encounter with Robinson was exactly the type of "tense, uncertain and rapidly evolving" crisis envisioned by the Supreme Court when articulating the reasonableness calculus. *Graham*, 490 U.S. at 397. Defendants repeatedly sought to arrest Robinson peacefully, but Robinson continually refused to comply and instead threatened Defendants with serious harm. Page 44.

Considering the totality of the circumstances, the Court finds that Defendants' use of deadly force against Robinson was objectively reasonable. Page 45.

8.

Plaintiff's appeal is pending in the Eleventh Circuit Court of Appeals. Kristopher Hutchens is represented by the United States Attorney's Office in that appeal, pursuant to 28 C.F.R. 50.15 (a).

9.

On October 26, 2021, the Fulton County Grand Jury returned an indictment against Kristopher Hutchens based entirely on his actions on August 5, 2016, while he was serving in his capacity as a deputized federal marshal, acting under the color of federal law while performing work under the direction of the United States Marshals Service. *See* Exhibit 1.

10.

The federal removal statute permits removal of any "criminal prosecution that

is commenced in a State court" against "any officer…of the United States or the agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals." 28 U.S.C. § 1442(a)(1). The removal statute "grant[s] district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California*, 489 U.S. 121, 136 (1989). The statute is mandatory. *City of Norfolk, Va. v. McFarland*, 143 F. Supp. 587, 589 (E.D. Va. 1956).

11.

To qualify for removal, a defendant need only show (1) that the conduct concerns actions undertaken as a federal officer, (2) "that the suit is 'for a[n] act under color of office,'" and (3) that the defendant has raised "a colorable federal defense." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999) (quoting 28 U.S.C. § 1442(a)(3)). The notice of removal must simply contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1455(a).

12.

As Judge Batten's Order granting summary judgment on the civil rights claims makes clear, and which is adopted and incorporated into this removal petition, Kristopher Hutchens acted in accordance with the law, did not violate the Constitution in any way, and is entitled to qualified immunity. He therefore has a

colorable defense to include a colorable federal defense, to the state criminal charges of murder and the related offenses, as described below. The actions taken by Kristopher Hutchens were taken in the lawful execution of his duties as a federal official, which gives rise to the federal immunity defense under the Supremacy Clause.

13.

Under the Supremacy Clause of the U.S. Constitution, federal officers are immune from state prosecution if "(1) the federal agent was performing an act which he was authorized to do by the law of the United States and (2) in performing that authorized act, the federal agent did no more than what was necessary and proper for him to do." *Kentucky v. Long*, 837 F.2d 727, 744 (6th Cir. 1988). For an act to be "necessary and proper," "two conditions must be satisfied: (1) the actor must subjectively believe that his action is justified; and (2) that belief must be objectively reasonable." *New York v. Tanella*, 374 F.3d 141, 147 (2d. Cir. 2004) (citing *Whitehead v. Senkowski*, 943 F.2d 230, 234 (2d. Cir. 1991)). Courts must "evaluate the circumstances as they appear to [the] federal officer … at the time of the act in question, rather than the more subtle and detailed facts later presented to a court." *Wyoming v. Livingston*, 443 F.3d 1211, 1229 (10th Cir. 2006). Importantly, the removal statute "is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce

federal law." *Mesa*, 489 U.S. at 133 (quoting *Willingham*, 395 U.S. at 409). "The officer need not win his case before he can have it removed." *Willingham*, 395 U.S. at 407.

## CONCLUSION

For the foregoing reasons, this case is subject to removal pursuant to 28 U.S.C. §§ 1442(a) and 1455.

        RESPECTFULLY SUBMITTED,

        GARLAND, SAMUEL & LOEB, P.C.

        */s/ Donald F. Samuel*
        DONALD F. SAMUEL, ESQ.
        Ga. State Bar No. 624475

        */s/ Amanda R. Clark Palmer*
        AMANDA R. CLARK PALMER, ESQ.
        Ga. State Bar No. 130608

3151 Maple Drive, N.E.
Atlanta, Georgia 30303
(404) 262-2225
dfs@gsllaw.com
aclark@gsllaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the within and foregoing **NOTICE OF REMOVAL OF CRIMINAL ACTION TO FEDERAL COURT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This the 28th day of October, 2021.

GARLAND, SAMUEL & LOEB, P.C.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL, ESQ.
Ga. State Bar No. 624475

3151 Maple Drive, N.E.
Atlanta, Georgia 30303
(404) 262-2225
dfs@gsllaw.com